# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| ELAINE MATTHEWS, | ) | CASE NO. 1:22-CV-01214-JPC |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| UNITED STATES, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant, | ) | |

## I.     INTRODUCTION

*Pro se* Plaintiff Elaine Matthews ("Ms. Matthews") filed this Complaint with claims revolving around allegations that the Department of Veterans Affairs ("VA") allegedly failed to provide her late father, Mr. Arnold Wolfe, with nursing home benefits. (ECF Doc. 1). Defendant United States ("Defendant") moved to dismiss this complaint on January 11, 2023. (ECF Doc. 11-1). Defendant's Motion to Dismiss was referred to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Because this Court lacks subject matter jurisdiction, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss.

## II.    BACKGROUND[1]

---

[1] The facts in this Report and Recommendation are taken from Ms. Matthew's Complaint (ECF Doc. 1) and are presumed to be true for purposes of resolving the Defendant's Motion to Dismiss (ECF Doc. 11). *See Enriquez-Perdomo v. Newman*, 54 F.4th 855, 861 (6th Cir. 2022); *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016).

1

Ms. Matthews's *pro se* Complaint sets forth the following allegations. In March 2017, Mr. Arnold Wolfe—a World War II veteran and the late father of Ms. Matthews—and his wife of 64 years were admitted to Rae-Ann Nursing Home ("Rae-Ann") in Westlake, Ohio. (ECF Doc. 1, PageID#1-2). Mr. Wolfe received a wartime veterans' pension from the VA. (*Id.* at PageID#2). Ms. Mathews alleged a social worker from the Parma VA clinic instructed her family on or about March 17, 2017 to seek a VA-contracted nursing home facility to provide Mr. Wolfe with necessary care. (*Id.*). Although unclear, I liberally construe the Complaint to allege that Mr. Wolfe's family refused to do so because the Sandusky VA-contracted nursing home facility was "unavailable," and Mr. Wolfe's wife would not be able to stay at this facility. (*Id.*).

Ms. Matthews further alleges that the VA medical team social worker failed to follow through with Mr. Wolfe's "home care and attendance" and did not notify the VA that he was moved into this nursing facility. (*See id* at PageID#3-4). Ms. Matthews also alleges that her family did not learn until October 20, 2017 that the VA made no payments or assistance to Rae-Ann on behalf of Mr. Wolfe. (*Id.* at PageID#2). Due to the unpaid nursing home bills, Rae-Ann initiated legal proceedings before the State of Ohio's Department of Health to evict Mr. Wolfe and his wife on three occasions: (1) August 14, 2017; (2) October 11, 2017; and (3) November 17, 2017. (*Id.*; ECF Doc. 1-6, PageID#36; ECF Doc. 1-6, PageID#34; ECF Doc. 1-6, PageID#38). Ms. Matthews states—and the documents support—that Mr. Wolfe died on November 18, 2017. (*See* ECF Doc. 1, PageID#3). She alleges that Rae-Ann is still seeking to recover the amount owed by Mr. Wolfe and his wife. (*See id.*). Ms. Matthews filed this suit to obtain $26,886.61 from the VA to pay Rae-Ann, $25,000 in legal fees to defend against a lawsuit initiated by Rae-Ann against her father and his wife, and $100,000 in emotional damages. (*Id.* at PageID#3-4).

### III.    STANDARD OF REVIEW: FED R. CIV. P. 12(B)(1) - LACK OF SUBJECT MATTER JURISDICTION

Defendant moves to dismiss Ms. Matthews's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (ECF Doc. 11-1, PageID#88-90). A fundamental question presented by every action in federal court is whether the court has jurisdiction to hear that case. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). That is because "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article II of the Constitution and the statutes enacted by Congress pursuant thereto." *Id.*

When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff bears the burden of proving the court has subject matter jurisdiction over her claims. *See, e.g.*, *Global Technology, Inc. v. Yubei (XinXiang) Power Steering System Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

The Rule 12(b)(1) standard of review is dependent upon whether the defendant makes a facial or factual challenge to subject matter jurisdiction. *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 816-17 (6th Cir. 2017). A facial attack "questions merely the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotations and citations omitted). In reviewing a facial attack, courts must "take the allegations in the complaint as true to determine whether they establish a federal claim." *Kennedy v. U.S. Veterans Admin.*, 526 F. App'x 450, 453 (6th Cir. 2013) (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)); *see Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *See Rote*, 816 F.3d at 387. A factual jurisdictional attack, on the other hand, "raises a factual controversy requiring the district court to 'weigh the conflicting

evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church*, 847 F.3d at 817 (quoting *Gentek Bldg. Products, Inc.*, 491 F.3d at 330).

When subject matter jurisdiction is challenged, plaintiff bears the burden of proving jurisdiction. *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Here, Defendant makes a facial jurisdictional attack. While an assertion of sovereign immunity may sometimes be considered a factual attack, "here the nature of the attack is more facial because the motion 'does not assert a need to examine the truthfulness of Plaintiff's allegations in order to determine the existence of subject matter jurisdiction.'" *Cedar Lane Farms, Corp. v. Besancon*, No. 5:16-cv-1390, 2017 WL 1155564, at *2 (N.D. Ohio Mar. 28, 2017) (quoting *Graber v. Metro. Life Ins. Co.*, 855 F. Supp. 2d 673, 676 (N.D. Ohio 2012)). Specifically, Defendant argues in its Motion to Dismiss that Ms. Matthews has no right to challenge a VA benefits decision in federal district court because the United States has not waived its sovereign immunity for review of VA benefits decisions. (ECF Doc. 11-1, PageID#86, 88-90). Thus, Defendant attacks the legal – rather than factual – sufficiency of Ms. Matthews's Complaint. (ECF Doc. 1, PageID#1-4). Therefore, this Report and Recommendation will analyze Defendant's argument as a facial attack under Rule 12(b)(1) for lack of subject matter jurisdiction.

Because Ms. Matthews appears *pro se*, her Complaint is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Her complaint is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[c]ourts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

For the following reasons, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss.

## IV.    ANALYSIS

Federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Under the doctrine of sovereign immunity, a court is deprived of subject matter jurisdiction in lawsuits against the United States except in those circumstances where the government has consented to suit. *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). When the United States waives its sovereign immunity, the terms and conditions of its consent to be sued, as set out by Congress, limit and define the jurisdiction of any court to entertain an action against the United States. *United States v. Testan*, 424 U.S. 392, 399 (1976). Here, Ms. Matthews's Complaint does not allege or demonstrate—nor does this court's independent inquiry reveal—that there is any waiver of immunity by the government that would grant this Court jurisdiction to review her claims. (ECF Doc. 1, PageID#1-4).

Indeed, the United States has not waived its immunity for the review of VA benefits decisions. *Beamon*, 125 F.3d at 967. Under the Veterans' Judicial Review Act ("VJRA"), Congress "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Id.* (citing Pub.L.No. 100-687 (codified in various sections of 38 U.S.C.)). Specifically, a claim for payment of non-service-related, non-VA emergency medical expenses must first be timely filed by:

> submit[ting] to the VA medical facility of jurisdiction a completed standard billing form … accompanied by a signed, written statement declaring that [the veteran] meets all of the conditions for payment by VA for emergency medical services.

38 C.F.R § 17.1004(b) and (d). Decisions concerning veterans' benefits may be appealed to the Board of Veterans Appeals ("BVA") pursuant to 38 U.S.C. § 7104(a), and from the BVA to the Court of Appeals for Veterans, under 38 U.S.C. § 7252(a). The only federal courts having jurisdiction over further appeals are the Court of Appeals for the Federal Circuit and the United States Supreme Court. 38 U.S.C. §§ 7252(c), 7292; *Beamon*, 125 F.3d at 971 ("[T]he VJRA explicitly granted comprehensive and exclusive jurisdiction to the CVA and the Federal Circuit over claims seeking review of VA decisions that relate to benefits decisions[.]").

Further, 38 U.S.C. § 511(a) precludes judicial review of VA benefits decisions. 38 U.S.C. § 511(a) provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision … that affects the provision of benefits by the Secretary to veterans," and that "the decision of the Secretary as to any question shall be final and conclusive and *may not be reviewed by any other official or by an court, whether by an action in the nature of mandamus or otherwise*." 38 U.S.C. § 511(a) (emphasis added).

To determine whether the Court has jurisdiction over a VA-benefits claim, the court must ask "whether adjudication of the claim would require the district court to review the Secretary's decision regarding benefits. If it would, then the district court lacks jurisdiction over the claim." *Anestis v. United States*, 749 F.3d 520, 525 (6th Cir. 2014). A "benefit" is defined as "any payment, service, commodity, function, or status, entitlement to which is determined by the VA." *Waksmundski v. Williams*, 727 F. App'x 818, 820 (6th Cir. 2018).

Here, the essence of Ms. Matthews's claim is that the VA wrongfully determined that Mr. Wolfe did not qualify for reimbursement from the VA through his wartime pension for his stay at Rae-Ann—a VA benefits decision. Ms. Matthews's Complaint further requests money damages of $26,886.61 owed by her father to Rae-Ann as a result of "no funds…being paid by [t]he VA."

(ECF Doc. 1, PageID#3). Ms. Matthews has not demonstrated that her claim does not involve payment, service, or status with respect to her father's benefits. To the contrary, it is clear that her claim revolves precisely around this issue.  Significantly, as stated above, a VA benefits decisions is not within the subject matter jurisdiction of the district court.

In Ms. Matthews's reply, she asserts that Defendant has failed to present or acknowledge her claims and "can only claim that [she] did not follow procedures to get to where [she is] today to [this Court] under a tort claim." (ECF Doc. 12, PageID#94). She further contends that: (1) she has several years of papers, forms, and requests to VA personnel to get answers regarding this issue; (2) the federal VA building was closed to the public due to the COVID-19 pandemic shutdowns; (3) no lawyer would help her with this case because of the lack of compensation to help veterans; and (4) she wrote to multiple government officials for all her requests to "fall on deaf ears." (*Id.* at 94-95). Ms. Matthews also asserts that a VA employee told her that no doctor's form was sent to the office notifying the VA of her father's admittance to a nursing home facility. (*Id.* at 95). She alleges she received a call from a "Mr. Bartoey/Bartley" stating that he would take her case to a VA judge, but she never heard back from him. (*Id.*). Finally, states that the "handling of [her] father's acceptance into the Title 38 for wartime veteran's [pension] was a complete typical government run system … that no average American could navigate as well as Medicaid assistance for nursing homes." (*Id.*).

The Court is sympathetic to Ms. Matthews's frustration in the face of a difficult situation. But 38 U.S.C. § 511 serves two primary purposes: (1) to ensure that veterans' benefits claims will not burden the courts and the VA with expensive and time-consuming litigation; and (2) to ensure that complex determinations of VA policy will be adequately and uniformly made. *See Johnson v. Robison*, 415 U.S. 361, 370-71 (1974).  Moreover, Ms. Matthews's arguments as set forth above

7

are not responsive to the question the Court must resolve, *i.e.,* whether the Court has subject matter jurisdiction to review the VA benefits determination regarding Mr. Wolfe's nursing home reimbursement.

Ms. Matthews has not carried her burden on the government's Rule 12(b)(1) motion. *Rodriguez v. United States*, No. 1:14-cv-02526, 2015 WL 4389635, at *1 (N.D. Ohio July 15, 2015) (citing *Beamon*, 125 F.3d at 967) ("Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues."). Rather, her Complaint seeks judicial review of a prior VA decision regarding benefits by a court other than the Board of Veterans Appeals and the Court of Appeals for Veterans Claims, which is the type of review that the VJRA precludes.[2] 38 U.S.C. § 511(a); *see, e.g.*, *Fuller v. United States*, No. 1:21-CV-938, 2022 WL 2400955, at *3 (W.D. Mich. Apr. 7, 2022), *report and recommendation adopted*, 2022 WL 3042267 (W.D. Mich. Aug. 2, 2022) (dismissing plaintiff's action alleging negligence and dereliction of duty by VA employees for failure to determine correct benefits apportionment date and this alleged failure's detrimental effect on him and his family because "[w]hether styled as negligence or something else, to grant [p]laintiff relief absolutely require[d] the Court to 'second-guess' the VA"); *Waksmundski,* 727 F. App'x at 820 (finding that 38 U.S.C. § 511(a) precludes jurisdiction over  a claim involving deprivation of benefits where the court is asked to "second-guess" the VA); *Weaver v. United* States, 98 F.3d 518, 520 (10th Cir. 1996) (when assessing whether a lawsuit seeks a court to second-guess a VA benefits decision, the

---

[2] As Defendant acknowledges, Ms. Matthews may still have recourse provided in the VJRA, provided the time limits have not expired. (ECF Doc. 11-1, PageID#90 n.2). Specifically, as outlined earlier in this Report and Recommendation, Ms. Matthews could appeal the benefits decision to the Board of Veterans Appeals, then to the United States Court of Appeals for Veterans Claims, then to the Federal Circuit, and ultimately the United States Supreme Court.

court must "examine the substance of [the] allegations, rather than the plaintiff's labels, to determine their true nature"); *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (same).

For the reasons set forth above, this Court lacks jurisdiction over Ms. Matthews's claims against the VA. Accordingly, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss.

## V.     RECOMMENDATION

For the reasons set forth above, I recommend that the Court GRANT Defendant's Motion to Dismiss (ECF Doc. 11-1).

Dated: March 7, 2023

_s/ Jennifer Dowdell Armstrong_
Jennifer Dowdell Armstrong
United States Magistrate Judge

## VI.     NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).