UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ELAINE MATHEWS, | Case No. 1:22-cv-01214 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge |
| | Jennifer Dowdell Armstrong |
| UNITED STATES, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Elaine Mathews' late father, Arnold Wolfe, honorably served the United States in World War II. Years later, Wolfe required care in a nursing home, which his family thought his veterans' benefits would cover. They were wrong and were left with tens of thousands of dollars in bills. In trying to address the matter, Wolfe's family met an unresponsive bureaucracy, confusing forms, and traps for the unwary—not assistance to obtain the benefits to which Wolfe's service entitled him. That response from the United States Department of Veterans Affairs led to the filing of this lawsuit.

At bottom, the procedural question at hand requires determining whether Plaintiff seeks *benefits* or compensation for injuries in tort. Under federal law, the VA handles benefits decisions administratively within the agency, but federal courts have jurisdiction over tort claims. The VA took inconsistent positions on whether Plaintiff seeks benefits or damages for a civil wrong, to the great consternation,

frustration, and pain of Plaintiff, and the United States urges the Court to view her case as involving a benefits decision, meaning the Court lacks jurisdiction.

The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's action. (ECF No. 13.) Plaintiff, proceeding *pro se*, objects to that recommendation. (ECF No. 14.) For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims.

## STATEMENT OF FACTS

Relying on Plaintiff's complaint, the Magistrate Judge outlined the relevant facts and procedural history in her Report and Recommendation. (ECF No. 13, PageID #111 n.1 & #112.) At this stage of the proceedings, the Court takes the allegations in the complaint as true and construes them in Plaintiff's favor.

### A. Materials Considered

In addition to that background, the facts below incorporate the exhibits to Plaintiff's complaint and Defendant's motion to dismiss. When deciding a motion to dismiss, courts "may consider exhibits attached to the complaint . . . [and] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *DeShetler v. FCA US LLC*, No. 3:18-cv-78, 2018 WL 6257377, at *4 (N.D. Ohio Nov. 30, 2018) (quoting *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016)). Here, Plaintiff references the exhibits to her complaint. (ECF No. 1, PageID #1 & #3.) Though not explicitly described in the complaint, Defendant's exhibit—the VA's administrative denial of Plaintiff's claim—is central to the dispute and to the parties' respective claims and defenses. Further, Plaintiff attached to her

2

complaint the VA's denial of that ruling on reconsideration, making its original determination proper for consideration on a motion to dismiss. (*See* ECF No. 1-2, PageID #8 (noting that the VA completed reconsideration of Plaintiff's administrative tort claim without describing the initial ruling).)

B. Relevant Facts

Wolfe served in the Marine Corps during World War II and received wartime veterans' pension benefits from the VA. (ECF No. 1, PageID #2 & #3; *see also* ECF No. 1-3; ECF No. 1-5.) Around March 2017, his medical conditions began requiring around-the-clock care and assistance. (ECF No. 1, PageID #2.) Unfortunately, the Sandusky Veterans Home was unavailable and, in any event, would have separated Wolfe from his wife. (*Id.*) A social worker from the Parma VA Clinic advised Wolfe to find a VA-contracted nursing home. (*Id.*) The social worker did not otherwise "seek[] help" for Wolfe. (*Id.*)

On March 17, 2017, Wolfe was admitted to Rae-Ann Suburban Nursing Home. (*Id.*) For months, he and his wife lived there, believing the VA was covering their expenses. (*See id.*) It did not. (*Id.*) According to Plaintiff, the social worker from the Parma VA Clinic failed to notify the administration that Wolfe had moved to Rae-Ann. (*Id.*, PageID #3.) From August through November 2017, Rae-Ann unsuccessfully attempted to evict Wolfe and his wife for failure to pay. (*Id.*; *see also* ECF No. 1-6, PageID #33–47.) Wolfe passed away on November 18, 2017. (ECF No. 1, PageID #3.) Rae-Ann continues to pursue his unpaid expenses. (*Id.*)

Four years later, Plaintiff filed an administrative tort claim under the Federal Tort Claims Act with the VA. (ECF No. 11-2.) She alleged that the VA failed to

3

properly process, coordinate, and pay Wolfe's claim for benefits while he was a resident at Rae-Ann, which led to Rae-Ann suing Wolfe and his wife for over $26,000.00. (*Id.*, PageID #92.) The VA denied Plaintiff's claim initially because, in its view, her claim involved the administration of VA benefits, not a tort. (*Id.*) As a result, the VA lacked jurisdiction. (*Id.*) The VA also denied Plaintiff's claim on reconsideration. (ECF No. 1-2.) It determined that Plaintiff lacked evidence of any negligence by a VA employee acting within the scope of their employment. (*Id.*) When denying Plaintiff's claim on reconsideration, the VA indicated that it did so under the Federal Tort Claims Act and directed Plaintiff to federal court. (*Id.*, PageID #8.)

## STATEMENT OF THE CASE

Consistent with the VA's directions, Plaintiff filed suit in federal court against the United States on July 11, 2022. (ECF No. 1, PageID #1.) Her *pro se* complaint does not set out specific counts or causes of action. (*See generally* ECF No. 1.) Instead, it generally alleges that the social worker from the Parma VA Clinic, by failing in and neglecting her duties, "cost [Plaintiff's] family emotional duress, financial duress," and "unwarranted persecution and loss." (*Id.*, PageID #2 & #3.) As compensation, Plaintiff seeks $100,000.00 total, including $26,886.61 "for [Wolfe's] charges to Rae-Ann," $25,000.00 in legal fees "to defend [Rae-Ann's] lawsuit," and other damages. (*Id.*, PageID #3–4.)

Defendant moves to dismiss. (ECF No. 11.) It argues that the Court lacks subject-matter jurisdiction because the United States has not waived its immunity for review of VA benefits decisions. (ECF No. 11-1, PageID #89–90.) The Magistrate

Judge issued a Report and Recommendation. (ECF No. 13.) Construing Defendant's motion as a facial attack on jurisdiction, she recommends that the Court grant the motion. (*Id.*, PageID #114 & #115.) In her view, "the essence of [Plaintiff's] claim is that the VA wrongfully determined that [Wolfe] did not qualify for reimbursement from the VA through his wartime pension for his stay at Rae-Ann—a VA benefits decision." (*Id.*, PageID #116.) Therefore, it "is not within the subject matter jurisdiction of the district court." (*Id.*, PageID #117; *see also id.*, PageID #118.) Plaintiff timely objected. (ECF No. 14.)

## MEETING WITH THE COURT

After outlining her objections, Plaintiff requested "a face to face explanatory meeting with [the undersigned]." (*Id.*, ¶ 8, PageID #122.) The Court granted her request (ECF No. 15) and met with Plaintiff and counsel for the United States in Chambers on June 6, 2023 (Minutes, June 6, 2023). After discussing Plaintiff's objections, the Court ordered file supplemental briefing and took the matter under advisement. (*Id.*) Defendant filed a supplemental brief on June 30, 2023. (ECF No. 16.) Plaintiff responded, reiterating many of her objections. (*See generally* ECF No. 17.)

## ANALYSIS

When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). "Objections

5

must be specific, not general" and should direct the Court's attention to a particular dispute. *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

On review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Significantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion. Accordingly, it is the Court's task to review the Magistrate Judge's Report and Recommendation de novo, based on the specific objections Plaintiff raises, but only those objections.

Though presented across seven numbered paragraphs, Plaintiff appears to raise three objections. First, she argues that Defendant failed to provide sufficient evidence that the Court lacks subject-matter jurisdiction. (ECF No. 14, ¶¶ 1–2, 4 & 7, PageID #121 & #122.) Second, Plaintiff objects that the Report and Recommendation relies on inaccurate facts. (*Id.*, ¶ 5, PageID #122.) Finally, Plaintiff contends that she raises a tort claim—not a claim for VA benefits. (*Id.*, ¶¶ 4 & 6, PageID #122.) The Court addresses each objection in turn.

I. **Lack of Evidence**

Plaintiff argues that Defendant has not provided "physical evidence" supporting its position. (*See id.*, ¶¶ 1, 4 & 7, PageID #121 & #122.) In her view,

6

Defendant only claims that Plaintiff "did not follow proper protocol" to resolve her complaint. (*Id.*, ¶ 2, PageID #121.)

Plaintiff's objection fails for three reasons. First, along with its motion to dismiss, Defendant provided a brief in support outlining the basis for its request and citing several authorities supporting its position. (*See* ECF No. 11-1, PageID #88–90.) Second, jurisdiction presents a legal question that does not require or turn on physical evidence. Third, and in any event, "where subject matter jurisdiction is challenged . . . the *plaintiff* has the burden of proving jurisdiction." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). In other words, Plaintiff must demonstrate that the Court can hear her claim. The Court can only do so under the Federal Tort Claims Act if Plaintiff does not seek payment of VA benefits, which the Court addresses below in Plaintiff's third objection. Subject to that discussion, the Court **OVERRULES** Plaintiff's first objection.

## II. Inaccurate Facts

Plaintiff objects that the Report and Recommendation wrongly asserts that she seeks $100,000.00 in emotional damages. (ECF No. 14, ¶ 5, PageID #122 (citing page two of the Report and Recommendation).) The Court agrees. Plaintiff seeks a *total* of $100,000.00, including $26,886.61 "for [Wolfe's] charges to Rae-Ann," $25,000.00 in legal fees, and physical damages "for emotional events." (ECF No. 1, PageID #3–4.) Even so, that error is not material and does not preclude the Court from adopting the Magistrate Judge's recommendation for the ultimate disposition of Defendant's motion. Indeed, the Magistrate Judge's analysis references only Plaintiff's request

7

for "money damages of $26,886.61." (ECF No. 13, PageID #115–19.) Accordingly, the Court **OVERRULES** Plaintiff's second objection.

### III.   Tort Claim

Principally, Plaintiff argues that the Court has subject-matter jurisdiction because her claim arises under the Federal Tort Claims Act. (ECF No. 14, ¶¶ 4 & 6, PageID #122.) Specifically, Plaintiff contends that she has a "right to use this Court . . . per 'Exhibit A.'" (*Id.*, ¶ 6, PageID #122.) Exhibit A, in turn, provides that "a tort claim that is administratively denied may be presented to a Federal district court." (ECF No. 14-1, PageID #123.)

### III.A. Sovereign Immunity

To sue the United States, a plaintiff must identify a waiver of sovereign immunity. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000). Plaintiff here identifies the Federal Tort Claims Act. That statute provides a limited waiver of immunity for plaintiffs to bring tort claims against the United States in federal district court. 28 U.S.C. § 1346(b)(1); *Mynatt v. United States*, 45 F.4th 889, 894 (6th Cir. 2022) (citing *Millbrook v. United States*, 569 U.S. 50, 52 (2013)). In identifying the Federal Tort Claims Act as her basis for waiver, Plaintiff appears to follow the VA's lead. When the VA denied Plaintiff's claim on reconsideration, it purported to do so under the Federal Tort Claims Act. (ECF No. 1-2, PageID #8.)

But the Court does not simply defer to Plaintiff or the VA's characterization of her claims. Indeed, doing so would potentially prove futile—the VA has inconsistently interpreted Plaintiff's claims. (*Compare id., with* ECF No. 11-2, PageID #92 (determining that Plaintiff's claim "involve[s] the administration of VA

benefits and not a tort").) In any event, precedent requires that the Court assess the substance of Plaintiff's allegations. *Anestis v. United States*, 749 F.3d 520, 527 (6th Cir. 2014); *see also Jones v. United States*, 727 F.3d 844, 849 (8th Cir. 2013).

In her Report and Recommendation, the Magistrate Judge determined that the essence of Plaintiff's complaint involved a VA benefits decision. (ECF No. 13, PageID #116–17.) If correct, the Court lacks subject-matter jurisdiction. After all, the Veterans Judicial Review Act precludes federal district courts from exercising jurisdiction over claims regarding VA benefits decisions. *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997) (interpreting 38 U.S.C. § 511).

The Veterans Judicial Review Act provides a separate, multi-tiered system for reviewing benefits decisions. *Hiles v. Army Rev. Bd. Agency*, No. 1:12-cv-673, 2015 WL 4778831, at *13 (S.D. Ohio Aug. 13, 2015), *report and recommendation adopted*, No. 1:12-cv-673, 2016 WL 561186 (S.D. Ohio Feb. 12, 2016). Under that system, review begins with the Secretary of the VA and then the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). The Court of Appeals for Veterans Claims, in turn, possesses exclusive jurisdiction to review the Board's decisions. *Id.* § 7252(a). Subsequent appeals are proper only to the Federal Circuit and, finally, the United States Supreme Court. *Id.* § 7292.

Accordingly, the Court must determine whether Plaintiff asserts a tort or requires the Court to review a decision regarding a VA benefits decision. *Anestis*, 749 F.3d at 525. If the latter, then the Court lacks jurisdiction. *Id.* In making that

9

determination, the Court liberally construes Plaintiff's *pro se* complaint. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

### III.B. Plaintiff's Allegations

Review of the complaint, even liberally construed, shows that the gist of Plaintiff's claim involves a benefits decision. In this context, a benefit is "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by [the] VA." *Waksmundski v. Williams*, 727 F. App'x 818, 820 (6th Cir. 2018) (citing 38 C.F.R. § 14.627(e)). Here, the complaint clearly seeks an order that the VA failed to provide benefits. (*See* ECF No. 1, PageID #3 (seeking, among other things, "$26,886.61 for [Wolfe's] charges to Rae-Ann").) Indeed, Plaintiff states as much in her objection. She purports to "bring[] this lawsuit to seek compensation of the funds which were never submitted on behalf of the VA for [her] father's case while staying at [Rae-Ann]." (ECF No. 14, PageID #122.) Therefore, to resolve Plaintiff's claim, the Court will need to determine whether the VA handled Wolfe's benefits properly. But only the Board of Veterans' Appeals, and those courts provided in Sections 7104, 7252, and 7292, have authority to do so. *Bush v. United States*, No. 1:13-cv-587, 2013 WL 5722802, at *6 (S.D. Ohio Oct. 21, 2013).

To be sure, liberally construed, some allegations in Plaintiff's complaint resemble those of a tort claim. For example, Plaintiff alleges that the social worker from the Parma VA Clinic was "neglectful[]" and "failed" to perform "her duties." (ECF No. 1, PageID #2 & #3.) Even those allegations, however, are best understood as a decision by the VA denying Wolfe's benefits. In other words, those actions are the product of a VA benefits decision, which the Court lacks jurisdiction to consider.

10

*Beamon*, 125 F.3d at 974. Additionally, to state a tort claim, Plaintiff would need to allege a legal duty and a breach of that duty. Instead, the gravamen of her complaint rises and falls on the VA's benefits decisions. *See Anestis*, 749 F.3d at 527 (contrasting allegations that "resulted from a decision by the VA or [were] the result of the VA's negligence in failing to abide by a legal duty").

For these reasons, the Court discerns no error in the Magistrate Judge's recommendation. Accordingly, the Court **OVERRULES** Plaintiff's third objection.

## IV. Transfer

Where a court determines that it lacks jurisdiction, 28 U.S.C. § 1631 provides one basis for transfer. *Jackson v. L&F Martin Landscape*, 421 F. App'x 482, 483 (6th Cir. 2009). Specifically, "[w]henever a court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action to any other such court in which the action could have been brought at the time it was filed." 28 U.S.C. § 1631 (cleaned up). As explained above, the Veterans Judicial Review Act outlines three potential forums: the Board of Veterans' Appeals, the Court of Appeals for Veterans Claims, and the Federal Circuit. *Hiles*, 2015 WL 4778831, at *13.

As Defendant contends in its supplemental brief (ECF No. 16, PageID #128), none is an appropriate transferee forum here. The first two options are not "courts," as that term is used in Section 1631. That statute contemplates transfer only to the courts identified in 28 U.S.C. § 610, which, defines courts primarily as "courts of appeals and district courts of the United States." *See* 28 U.S.C. §§ 610 & 1631. Neither the Board of Veterans' Appeals (an board within an administrative agency) nor the Court of Appeals for Veterans Claims (an Article I court) fall within that

11

definition. *Jackson v. United States*, 80 Fed. Cl. 560, 566 (2008) ("The Board of Veterans' Appeals is an administrative agency . . . and 28 U.S.C. § 1631 does not permit transfer from this Court . . . to an administrative agency."); *Kalick v. United States*, 109 Fed. Cl. 551, 561, *aff'd*, 541 F. App'x 1000 (Fed. Cir. 2013) ("[T]he [Court of Appeals for Veterans Claims] is not a proper transferee court under 28 U.S.C. § 1631."). Though the Federal Circuit constitutes a court as defined under the statute, transfer is still inappropriate because Plaintiff could not initially have brought her claim there. Review by the Federal Circuit occurs only "[a]fter a decision of the United States Court of Appeals for Veterans Claims is entered." 38 U.S.C. § 7292(a). The record does not suggest that the Court of Appeals for Veterans Claims has addressed Plaintiff's claim.

Accordingly, Section 1631 does not permit transfer of this action. Instead, the Court **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.

## CONCLUSION

Arnold Wolfe fought for his country. When he needed its assistance, its representatives were allegedly unresponsive and unhelpful. In the present procedural posture, the Court does *not* decide the merits of Plaintiff's claims. Instead, the Court only determines whether Congress has given it authority to resolve this dispute. It did not.

In so holding, the Court fears that this decision will result in further aggravation, more questions, and prolonging the dispute between the parties. Ultimately, what Plaintiff needs is, to paraphrase the words of the request in her

objection, a simple explanation from a decisionmaker with authority.  For its part, Defendant needs a definitive end to this dispute.  But the Court lacks jurisdiction to proceed in this case.

For the reasons explained above, the Court **OVERRULES** Plaintiff's objections (ECF No. 14), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 13), and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for lack of subject-matter jurisdiction.

**SO ORDERED.**

Dated:  July 21, 2023

                                      J. Philip Calabrese
                                      United States District Judge
                                      Northern District of Ohio